[Crim. No. 15005.    Second Dist., Div. One.    Apr. 16, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND LEWIS LA FORBES, Defendant and Appellant.

Raymond Lewis La Forbes, in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of robbery in the first degree.

In an information filed in Los Angeles on November 20,

1967, defendant was charged with robbing Robert Hilton and Marty Kiviat of certain personal property on October 24, 1967. It was further charged that defendant at the time of the commission of the offense was armed with a .38 caliber revolver. A jury trial was waived and the cause was submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing. Defendant was found guilty as charged and further it was found that defendant was not personally armed at the time of the commission of the offense. An application for probation was denied and defendant was sentenced to the state prison. A timely notice of appeal was filed.

Counsel was appointed for defendant in this court and after a thorough search of the record counsel asked to be relieved of any further responsibility in the case for the reason that he could find no arguable issue in the record. Defendant asked this court to discharge counsel and by proper order counsel was discharged. Defendant now represents himself.

A résumé of some of the facts is as follows: during the afternoon of October 24, 1967, defendant entered a pawn shop operated by Marty Kiviat on West Washington Boulevard in Los Angeles and appeared to be looking at some leather coats. Curtis Fleming, who previously had pawned some items at the shop, had entered the establishment ahead of defendant. Fleming went over the counter, pulled out a gun and told the clerk, Hilton, to lie down on the floor. Hilton did so and at about the same time actuated a silent alarm system. Fleming also told Kiviat to lie down and defendant tied up both him and Hilton. Kiviat had a diamond ring in his hand and made an effort to hide it. Defendant saw the ring and took it from under Kiviat's leg. Fleming asked, ''Where's the money?'' and was told that it was in the cash register. Fleming could not open the register and Kiviat told him which button to push and Fleming thereupon opened the register and took some of the money therefrom. Fleming asked, ''Where's the rest of the money?'' and Hilton responded that there was no more. Kiviat apparently was fearful of Fleming with the loaded gun and told the robbers in effect that the balance of the money was in the safe. Defendant told Kiviat to get up, however Kiviat could not do so because his hands were tied behind his back. Defendant untied Kiviat's hands and assisted Kiviat to the safe where Kiviat opened the cash drawer of the safe. Defendant took the cash therefrom consisting of $100 (20 five-dollar bills). Defendant then told Kiviat

to lie down again and started to tie Kiviat up when there was a commotion at the door. Defendant went to the cash register and started to take out some change and then ran towards the door where he was met by the police. Defendant made no presentation of any evidence.

Appellant now asserts that he was subjected to an unfair lineup procedure and that he was inadequately represented because the judge did not order that all witnesses be excluded from the courtroom.

There is no evidence in this case of any pretrial identification of appellant. Appellant was caught in the act of robbing his victims and was positively identified by each of such victims as one of the robbers. Not even in these days of liberal construction and concern for the criminal can it be said that appellant was unfairly identified or that he should have been told while he was participating in the robbery of certain rights. Clearly appellant was engaged in an armed robbery and he personally took a diamond ring from one of the victims, tied up each of the victims, took money from the safe while his cohort held a loaded .38 revolver and threatened the lives of the victims.

Appellant further asserts that because his attorney failed to make a motion to exclude the witnesses before the taking of any testimony he was inadequately represented. Appellant's interpretation of the law in this connection is misplaced. Appellant was so obviously guilty as charged and the trial procedure was so completely fair that it is hard to imagine how in the administration of justice we have arrived at the point where a case such as this can be elevated to the status meriting appellate consideration.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.